Number 181368 and number 181466, AngioDynamics, Inc. v. Biolitec AG et al. Just give people a chance to get out. While they're filing out, Judge Barron, may I reserve two minutes?  Thank you. Okay, go ahead. Thank you. Good morning, Your Honor. My name is Ed Griffith. I represent the appellants in this case, Biolitec AG, Wolfgang Neuberger, and a company called Biomed Technology Holdings, Ltd. And as you may recall, Judge Barron, this is not the first time I've been before this court on this case. This appeal raises totally different issues than have been raised in the past. It has nothing to do with these past appeals. And it's actually kind of interesting because there's some distinct discovery issues that are raised by this appeal that are unusual, in the sense that most times discovery issues don't make their way to a circuit court of appeals because the only way you can appeal them properly is to disobey them, wait for the district court to issue contempt sanctions, and then appeal that. And so for that reason, it's very unusual for a discovery issue to come. But this is a serious discovery issue. It has to do with the scope of post-judgment discovery, and in particular, whether or not discovery of non-party affiliates' assets is proper and falls within the scope of Rule 69 post-judgment discovery, where the plaintiff does not meet a heightened burden to show that the discovery of those assets is somehow related to enforcing the particular judgment. Does the discovery order describe them as non-party assets? The district court seems to take issue with our description of the scope of the discovery requests going to non-party affiliates. I don't really understand what the hesitation is because that is exactly what the discovery requests ask for. But it leaves out the fact that the assets in the hands of the non-party affiliates which are sought are assets on the ultimate ownership of which may be claimed by the defendants here. There's no question of that, Your Honor. If they're assets of the judgment debtors in the hands of non-parties, whether they're affiliates or not, that would be a legitimate goal and topic. But it goes to assets not only presently understood to be owned by the affiliates, but assets subject to claim immediately by the defendants. Well, they would have to articulate what the basis of their claim that the assets owned by the affiliates or the non-parties are actually the assets of the judgment debtors. And they're saying here, yes, tell us what is subject to a claim and then we will know what the relationship is. Well, they're asking for the assets of all the non-party affiliates and they've not made any showing at all that any of the non-party affiliates have assets owned by the judgment debtors. Well, that's why it's a discovery issue. Right, except it's... They're not asking for the assets, all the assets of the non-party affiliates. Yes, they are. All the assets? Well, I'll read it to you. No, they're asking for information about the assets. So, your assets that the non-party affiliates may have and the only person who is required to respond to that is you. So, I don't understand what the problem is. Well, this is the problem. Here's really the overarching request that is made in the first set of discovery requests. It's set forth on the appendix, page 154. And it says, all documents relating to or reflecting any assets located in the United States that are owned by any biologic entity and any liabilities owed to any biologic entity by any person or entity that is located in the United States. So, it is asking not only for the disclosure of assets that happen to be in the hands of these non-parties that are owned by the judgment debtors, but all assets owned by... They even say... No, but it's asking for documents concerning those assets. It's asking for the assets in order, obviously, as a precursor to some sort of bill to reach and apply because they've made clear that their theory, it's just a theory at this point, is that your clients have been parking assets, so to speak, in non-party affiliates to protect them from the very substantial judgment that has not yet been satisfied in this litigation. Well, Jeff Sellier, you articulated that much better than the plaintiff's angiodynamics, but to the extent that they have made that allocation, there's no plausible or coherent reason to believe that it is true. And that's because the judgment debtors... This is not a situation... Well, that's true. Is that so? Regardless of that merger, which is one of the issues that was litigated and ruled against our clients in the past, the point is their assets, the judgment debtor assets, are located in Europe. That may be, but the information isn't necessarily located in Europe. We're not arguing that there's some kind of jurisdictional issue with respect to whether we have... We admit that the judgment debtors would have control over this information. That's not the issue here. The plaintiffs here have a theory. Their theory is that this judgment isn't being paid because there are shenanigans afoot to try and keep the assets from their reach. They want information about the assets to see if they can file a proceeding. That's what's happening here. Excuse me. And I think that the district court was entitled to look at these discovery requests in light of the history of the litigation, which reflects what I might charitably call a degree of stonewall. Your Honor, let me just address that. For one thing, the plaintiffs and the district court do mention the fact that there were allegations and a court decision finding that there were fraudulent transfers in this case. I do point out that that decision was issued in a default. There has never been any kind of decision on the merits of any fraudulent transfers. I understand that. That's why they need discovery so that they can try to put some substance to those allegations. But this isn't in a vacuum. This isn't a litigant who has come down from Mars and has demanded your documents. This is a party you've been litigating with for years. And we've got a background of court orders one after another which produce no results and aren't complied with. That's why there is a finding of contempt. You're right, Your Honor, except that does not justify the plaintiff from ignoring the general rule that discovery of non-party assets, whether they're affiliates or not, is not permitted. If that's your argument to us, the problem that I don't fully understand about it, when you describe them as non-party assets, it just begs the question, which is what they're seeking is information about assets of yours that a non-party may be holding. Correct, Your Honor. That's not what the discovery requests seek. They're seeking all of the assets owned by the non-parties. Independent of whether they're really yours? Yes. They want information concerning all of those assets, presumably so they can get a list of the assets and try to trace them back to you. They're going to start somewhere. They try to get information from you. You don't comply with the discovery requests, so now they're trying this route, get information about the assets and work backwards. Now, I know my time is up. May I just take a moment to answer that question? Sure. You're right, Your Honor. That's what they're asking, except the general rule is that in order to obtain assets of third parties or non-parties, including affiliates, you have to show that there is some reason to believe that there would be assets of the judgment debtors in the hands of those parties. And in this case, regardless of the allegations of fraudulent transfer before, which had to do with the U.S. company, fraudulently transferring, allegedly, overseas to be away from the enforcement jurisdiction of the United States. Well, here we have judgment debtors who are overseas. There's no question that this judgment is not enforceable overseas. They've had the judgment for five years. They've made no attempt to enforce it overseas because it's simply not enforceable. And so why on earth would the judgment debtors, with their assets in Europe, decide to transfer them fraudulently to entities here in the United States that would be subject to collection? I know it's an ironic type of argument with respect to the equities, but that's the point here. And this case is not just being decided in the context of this procedurally messy case. This is one of the few opportunities this Court has to rule on what the proper scope of Rule 69 discovery is, and it's going to be used in all kinds of cases. And the way our capitalist society works is that usually corporations are organized in a series of groups and have non-party affiliates, and many of them are not subject to assets. And for that reason, we believe the District Court got it wrong. I'll touch on the other couple of issues which are particularly dear to my heart in my rebuttal time. Thank you. Good morning. May it please the Court. William Reynolds for AngioDynamics. Just briefly on the plausibility of the fraudulent transfers. Judge Shelley, you referred to the history of this case. Obviously there's been, as you said, one fraudulent transfer, one fraudulent act after another, defiance after defiance after defiance of court orders. That's the background. But on this question of the assets, the assets that AngioDynamics is asking for information about are assets located in the United States. And there is an incredible incentive for the defendants not to hold those assets that are in this country and therefore can be potentially seized by reach-and-apply, by trustee process garnishment. There's a tremendous incentive for them not to hold those in their names. We're not talking about assets. We're not talking about discovery of assets that are overseas and that are probably very difficult to reach. We're talking about assets in the United States. Mr. Griffith just read it to you, the discovery request. We're asking about assets in the United States. What sort of preliminary showing does a judgment creditor have to make in order to be able to get the kind of discovery that you seek? The showing, Your Honor, is that there is some basis. It's a very broad. Actually, the case which I quoted, the Lumber Liquidator case is really the leading case. And it says that a judgment creditor, liberal discovery, this is on page 17 of my opening brief, liberal discovery is afforded to judgment creditors. The presumption is in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce his judgment. I just wanted to briefly say, emphasize what I believe to be the extreme bad faith of the defendant's position here. The defendants are arguing that this discovery would not help angio-dynamics to enforce the judgment. That raises the question, you sort of alluded to it with your question earlier, Judge Sawyer. If that were the case, why haven't they produced the discovery? If it would be of no use, they're under multiple court orders now to produce it twice. Two different times Judge Ponzer has ordered them to produce it. Why haven't they produced it? If it would do no good to angio-dynamics, when they opposed the motions to compel, they didn't argue that it would be, in those oppositions, they didn't argue that it would be burdensome for them to produce the discovery. Burden isn't an issue. There's only one possible reason why they're not producing it, and it's entirely consistent with their behavior throughout this litigation. They're not producing it because it would help angio-dynamics. It would do exactly what your questions earlier were suggesting. It would enable us to trace, to determine which assets belong to the defendant. But you still have to make a preliminary showing of some kind, even if the logic that you're laying out is right, right? Yes, absolutely right. So you can't deduce from the fact that somebody is opposing a discovery order that you have to grant it? No. Okay. So how do you, what is the preliminary showing that you've made, and why is it not? What does it consist of? If we were to write an opinion saying a preliminary showing must be made, and it was made here, it consisted of X. What is it? The preliminary showing is the fact that the findings that have been made over and over and over again in this case, and the evidence over and over again in this case, of the way assets are moved from one entity to another by these defendants. For example, the downstream merger that was referenced earlier that was done in defiance of the court order, removing an entire company from Germany to Austria in order to evade the judgment, the fraudulent transfers in the earlier action. Judge Ponzer actually found, and I quoted it in the decision, in the earlier decision, that all these bioelectric group entities are under Neuberger's control, and that he moves assets around from one to another. Those are the findings that suggest they don't prove it yet, and I'm not saying that we proved it. And just to, in response to what you said, Judge Barron, we're not saying that simply opposing the discovery proves that it should be produced, but it's the fact that it's not only been opposed, but now that they've lost and have been ordered to produce it, they still won't produce it. That, to me, there's no reason for that. Why are they litigating that so extensively at such great cost and being in contempt? And, again, they're subject to additional contempt sanctions for not producing the discovery. Why? Why would they go to those lengths? I wouldn't suggest that a litigant who simply says, who simply resists discovery initially... But it can't be that you don't have to make a preliminary showing. You get an order without a preliminary showing. Because they resist the contempt order when there was no preliminary showing, we now know that it was a valid discovery order. Right. Of course not, Your Honor. So you've got to have a preliminary showing. You're saying that if the history of the case there was enough evidence of past transfers that there is reason to suspect, or whatever the standard is, that there were transfers of the kind that are being alleged, and the only way you could plausibly find it out is to get the listing of the asset. Exactly, Your Honor. And it's not even just Judge Ponzer. For example, I cited a decision that one of the BioLitech group entities went into bankruptcy in New Jersey. It's a totally different circuit, different court. They are found after evidentiary hearings. Do you have any authority? What would be the best authority for us to rely on to say that findings of that kind suffice to make a preliminary showing? I guess if you look at, if you look under, for example, under the Lumber Liquidators case, or any of these cases, Wright and Miller talk about the permissiveness of post-judgment discovery, where the creditor is entitled to have wide-ranging discovery into assets that are held by the defendant, or that belong to the defendant. But by your own admission, you have to meet, no matter how permissive the standard is, you at least have to make a preliminary showing of arguably related. And as I understand you, all that you've got to show arguably related is you've got all of these entities are under the common control of Neuberger. You've got some history of fraudulent transfers and transfers in defiance of court orders. And you've got some evidence of the defendants moving assets from one company to another. Is that about the size of it? I think that's, yes, that's the record, Your Honor, yes. We've got, I wouldn't call it just some evidence. I mean, it's happened over and over again. For example, as Judge Ponser found, I mean, there wasn't just the money. In Lumber Liquidators, did they say that the showing was met? I believe so, Your Honor. And do you have a sense of how that kind of showing compares to the kind of showing that you've made? In other words, the issue is, is there a degree of specificity or direct evidence, wouldn't be proof of a fraudulent transfer or some particular reason to suspect that some particular entity was engaged in a transfer that is necessary to trigger or is it enough to make a generalized claim based on the fact that the other entities are within the control of this entity and it's got a pattern of trying to hide its assets, that that's enough to trigger it? It's definitely the latter, Your Honor. And you can look at the defendant's own brief where they say that. I mean, they say, you know, they say there, like at page 12 of their opening brief, they say, you know, there needs to be some evidence suggesting, they talk about veiled ghosting, which is not what we're trying to do here, but some evidence without evidence, let's see, if you look, discovery, this is on page 13 of the defendant's own opening brief, discovery of non-party affiliate assets may be appropriate where there's evidence that the judgment debitors made fraudulent transfers. And there is, there's abundant evidence of that that's happened. As Judge Ponser found, this case is one fraudulent transfer after another. And I'd just like to point out just one other issue because I think Mr. Griffith is going to, he said in rebuttal he's going to get into the other issue of the sanctions. I just would like to point out, maybe it's already obvious to the court, it probably is, but there's this argument that's been raised about the sanctions being inappropriate because of claiming one of the exceptions in Rule 37A5 applies here because the defendants are arguing that Angio Dynamics didn't confer in good faith to try to get, what the rule says is can't award Rule 37A sanctions if the moving party did not attempt to obtain the discovery or disclosure without, in good faith, without going to the court first. And here, obviously, we did confer. We asked them multiple times before moving to compel, and they said they wouldn't produce any of the discovery. And what they said instead was, well, let us take this appeal and, you know, don't pursue any of this. Don't move to compel. Let us take an appeal from the first order. But, again, that's a very extremely bad faith argument because what's going to happen is if they lose on the appeal, they're going to do what they've done on all the other appeals, every one of the five previous appeals. They were actually appealing an order they were defying, just like they are now. And when this court affirmed that order, they continued to defy it. And that's what's going to happen here. If there's no further questions, thank you, Your Honors. Very briefly, the preliminary showing that my brother has asserted that they made is basically refer to all of these prior decisions that have these very bad decisions and conclusions about what the defendants have done in this case. But, as I say, even if we accept, and there has never been any decision on the merits of any fraudulent trial, no fraudulent transfer has ever taken place within these companies. But even if we accept the fact that fraudulent transfers did take place, the allegations were fraudulent transfers from the United States overseas to shield them from judgment creditors' efforts in the United States. Here, it's completely opposite. So there is no coherence. What do you mean it's completely opposite? The allegation or the suspicion is that fraudulent transfers have taken place to shield assets from judgment creditors, except these happen to be assets in the United States, not overseas. Yeah, but these are assets that are owned by the judgment debtors. Why would the judgment debtors have any assets in the United States at all? We don't know.  The subsidiaries apparently have assets. But you can't trace the origin of those assets until you know what the assets are. Again, but you have to have a showing that there's some logical reason why you would expect that a subsidiary actually has those assets. Well, the showing is that they want to hide assets. Yeah, and that there's a patent on hiding assets. You're saying that there's one really super excellent way of hiding them that you've used. Yeah. But they're saying maybe there are other also ways of hiding them that might not be as great as the one you've already used. But I don't know why that... I mean, it still holds the threshold for if it's an entity that's hiding assets, this is another way they could have hidden them. I think that they would at least have to articulate what kind of super, you know, method or what kind of shenanigans that they are saying that we attempted. And this bare assertion is just simply not enough. May I just take 30 seconds to address the sanctions issue? Yeah. Thank you. And I'll be very brief, and I'm going to quote what the district court said at the argument on this discovery issue and the issue with respect to the motion to compel that he subsequently issued the order on expenses on. And he's addressing me, and the district court says, you are a very good advocate. You may go up to the First Circuit, and you may be able to persuade them that my discovery order was incorrect. I'm betting you won't. But I can, I have a little uncertainty about that bet. There's arguments on both sides. An argument, I didn't really follow what Mr. Reynolds said with respect to what he thought I was going to say, but the law is very clear, there is a genuine dispute. Yeah, except, excuse me, I don't mean to be rude. No. But Judge Ponser, in his subsequent written opinion, took a much harsher view, right, and explained that he thinks that your arguments have no basis at all. And with all due respect, in another life, I had the privilege of serving for three years as a district judge. And sometimes district judges are prone to say, in their own inimitable way, this is the way I see it. I think I'm right. Those people up in the Court of Appeals are dummies. Go up there, and they may decide it differently. That's frankly the way I read what Judge Ponser said. Your Honor, I understand that. And there's one sentence here that I included in my remarks today that I didn't put in the brief, basically because I didn't want to appear to be not modest, and that was, you are a very good advocate. Judge Ponser says not only that, but there are arguments on both sides. Now, 13 months later, when he issued his written decision, he doesn't address these remarks, and I agree with you. His decision is much more harsh as to whether or not we did raise substantially justified arguments. But the reality here is that the case law that we have cited is fairly uniform, and that case law says that there are limits to post-judgment discovery, and that the general rule is the assets of nonparties, whether they are affiliates or not, is the exception, not the rule. I think we've made, at the very least, a very compelling and substantially justified response to that. I think Judge Ponser got it right on Valentine's Day in 2017, and I think his decision of March 29th of last year is a bit exaggerated and not justified. Thank you very much. Thank you.